**In re Arnold Eliot TARAS, Debtor.**

**Arnold Eliot Taras, Movant,**

v.

**The Cadle Company, Respondent.**

**No. A03–98427–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 16, 2004.

Arnold Eliot Taras, pro se.

Sidney Gelernter, McCurdy & Candler, LLC, Decatur, GA, for Defendant or Respondent.

### *ORDER*

STACEY W. COTTON, Chief Judge.

Before the court is *pro se* Debtor Arnold E. Taras's ("Debtor") motion, filed August 8, 2003, to avoid the judicial lien obtained by Bobby D. Associates, now held by Respondent, The Cadle Company ("Respondent" or "Cadle"). Cadle filed a response on August 25, 2003, contending that the judgment lien does not impair Debtor's exemption. This motion came on for hearing on December 8, 2003. Present were Debtor and counsel for Cadle. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(K). Upon consideration of the record and arguments, the court's findings of fact and conclusions are set forth below.

### FACTS

The judicial lien held by Cadle was perfected of record on September 6, 2001, in the Superior Court of Cobb County, Georgia. Debtor filed his Chapter 7 bankruptcy case on August 5, 2003. Debtor seeks to avoid Cadle's judicial lien pursuant to 11 U.S.C. § 522(f).[1]

Debtor and his wife jointly own their home which Debtor valued at $170,000 in his Schedule A, "Real Property." He claimed an exemption in his home of $507,000 on his original Schedule C, "Property Claimed As Exempt," specifically pleading the exemption pursuant to O.C.G.A. § 44–14–100(a)(1).[2] Debtor filed an amendment to his motion to avoid the judicial lien on October 10, 2003, in which he amended various Schedules, including Schedule C. However, Debtor did not list his home on amended Schedule C or indicate that he was deleting the home from the original schedule of exempt property.

The home is subject to a first priority mortgage of $85,193 owed by Debtor and his wife.[3] Debtor's undivided 1/2 interest is subject to Cadle's second priority judicial lien in the amount of $18,912. There is also a third priority Internal Revenue Service ("IRS") tax lien of $389,168 owed by Debtor and his wife. Debtor contends

---

1. § 522(f)(1): *Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is(A) a judicial lien.... (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of(I) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the* value that the debtor's interest in the property would have in the absence of any liens.

. . . .

2. The home exemption amount of $507,000 appears to be a scrivener's error since Debtor alleges the value of the residence to be $170,000 and pleads the Georgia statute which permits a maximum exemption of only $20,000.

3. For convenience, the lien amounts are rounded to the nearest dollar.

that he is entitled to avoid Respondent's lien because it impairs his exemption.

Cadle contends the home is worth $213,000, which is the value appearing on the July 2, 2003 Cobb County Tax Assessment. (A copy of this assessment is attached to Cadle's response to Debtor's motion and proof of claim). Cadle asserts that Debtor may only exempt $20,000 of value of the real property, and there is sufficient equity above its judicial lien to satisfy Debtor's exemption and pay its lien. Alternatively, Cadle contends that with the addition of the IRS lien there is no equity beyond the liens against the real property for Debtor to use his exemption.

## DISCUSSION

■ In enacting the exemption statute and the lien avoidance provision, Congress has treated certain consensual lien holders and tax claimants more favorably than judicial lien holders. Thus, neither the first mortgage nor the federal tax lien is avoidable under § 522(f). *Kolich v. Antioch (In re Kolich)*, 328 F.3d 406, 410 (8th Cir.2003) (§ 522(f) is an exception to the Bankruptcy Code's policy of looking to state law to define property rights and priorities). The statute gives consensual lienholders more favorable treatment than judicial lienholders because the contractual relationships with the bankruptcy debtor allow debtor to acquire equity in the exempt property by making post-petition mortgage payments. *Id.* In the 1994 amendment to § 522(f)(2)(A), Congress added a mathematical formula to assist in calculating when a judicial lien impairs an exemption to which a debtor is entitled.

Both Debtor and Cadle cite *Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255 (11th Cir.2000) to support their positions. In *Lehman*, the debtor's home was jointly owned and valued at $225,000. The debtor sought to avoid creditor's en-

tire judicial lien in the amount of $53,878, which was his sole obligation, by applying the precise terms of the statute, e.g., debtor subtracted the amount of the lien ($53,878) plus the entire first mortgage indebtedness ($165,000) solely from his equity in the property ($112,500), e.g., $53,878 + 165,000= $218,878, which exceeds his undivided 1/2 interest in the property by $106,378 ($218,878—$112,500 = $106,378). In fact, Lehman's equity in the property, after the mortgage is subtracted is $30,000 ($225,000—$165,000 = $60,000 /2 = $30,000).

The Eleventh Circuit agreed with the courts below in finding that the debtor's application of the statutory language produced a windfall for him as it effectively allowed him to shield his entire equity of $30,000 in his house rather than the $5,312 exemption to which he was entitled. Disallowing this "absurd result," the courts held that Lehman was entitled to exempt the amount he could claim if there were no liens on the property, e.g., $5,312, and the creditor retained its judicial lien on the debtor's remaining unencumbered, non-exempt portion of the property in the amount of $24,688, e.g., $30,000—$5,312 = $24,688.

*Lehman* did not involve a third lien against the property as in the instant circumstances. Neither party has cited any cases that involve three liens, where there is a first mortgage owed jointly by debtor and spouse, a judicial lien owed only by debtor, and a non-avoidable third priority tax lien or consensual mortgage owed jointly by debtor and spouse. *Kolich, supra*, however, presents this situation.

In *Kolich*, debtors owned a home, valued at $275,000, with a first priority mortgage of $219,000, and a homestead exemption of $8,000. *Kolich*, 328 F.3d, at 408. A creditor held a judgment against debtors, in the amount of $134,000, and there was a sec-

ond mortgage, junior to the judgment creditor, in the amount of $80,000. *Id.* The judgment lien creditor urged the Eighth Circuit to exclude the junior, second mortgage in calculating the impairment formula, thus avoiding only $86,000 of its lien while allowing it to partially retain its lien in the amount of $48,000. Instead, the Eighth Circuit, affirming the Bankruptcy Appellate Panel, held that the mathematical formula provided in § 522(f)(2)(A)(ii) includes adding **all** liens, even those liens junior to the judgment creditor's lien at issue, and avoided the creditor's entire judgment lien. *Id.,* at 410. *See also In re Northern,* 294 B.R. 821, 830–32 (Bankr.E.D.Tenn.2003).

This court concludes that the *Lehman* and *Kolich* cases apply in part to the instant case. Debtor and his spouse jointly own their home, which Debtor contends is worth $170,000 and Cadle contends is worth $213,000. Construing the value issue most favorably to Cadle and assuming the higher valuation of $213,000 does not change the result. First, subtracting the first priority mortgage of $85,193 from $213,000, leaves a value of $127,807. The Debtor's undivided 1/2 interest under *Lehman* is $63,904. Applying the mathematical formula provided by § 522(f)(2)(A) gives the following: Cadle's lien of $18,911 and Debtor's half of the IRS tax lien in the amount of $194,584 total $213,495. Adding Debtor's maximum exemption of $20,000 makes the total $233,495, which exceeds Debtor's undivided 1/2 interest in the property by $169,591. Thus, Cadle's lien is entirely avoidable because it impairs the exemption to which Debtor is entitled in the absence of any liens. *See Kolich,* 328 F.3d, at 408–09.

█ Respondent's alternative argument, that Debtor cannot use his exemption because he has no equity in the property misconstrues the nature of the exemption policy. The legislative history to the 1994 amendment to § 522 makes clear that a debtor is entitled to avoid a lien even in circumstances in which debtor lacks equity in the property. 140 Cong. Rec. at H10,-769 (daily ed. Oct. 4, 1004); *In re Jones,* 2003 WL 23024502, *4 n. 3 (Bankr.M.D.Ga. 2003). Accordingly, it is

ORDERED that Debtor's motion to avoid Respondent's judicial lien is granted avoiding the judicial lien in its entirety.

The clerk is directed to serve a copy of this order upon Movant and counsel for Respondent.

IT IS SO ORDERED.